The opinion of the court was delivered by
Manning, C. J.
Jacob Anselm died in 1862, and Cleophas Comeau was appointed his administrator the following year. No tableau of ■classification of the debts, nor of distribution of the assets, of the sue-■cession was made until 1872. Meanwhile Charles Thompson had sued •the succession upon certain notes of the deceased, given for the purchase price of a frame building, and had obtained judgment for eleven hundred and eighty six dollars and 37 cents, with interest for several years, subject to a credit of $250, with recognition of his privilege as vendor upon the fund in the administrator’s hands, which was produced by the sale of the building. All the property of Anselm had been sold under order of court for the payment of debts, and this building of which Thompson was the vendor to him, brought seven hundred dollars .at the succession sale.
On appeal, the judgment for the moneyed demand was affirmed, *1146 but the recognition, of the . vendor’s privilege was stricken out, and the case was remanded to ascertain whether it had been preserved.
When examined on the trial of this opposition, it was ascertained the privilege had not been recorded, and was therefore lost as to third persons — other creditors of the succession — who were contesting Thompson’s claim to the fund. The administrator did not place Thompson on his tableau as a privileged creditor, but after distributing the funds among the privilege and mortgage creditors -whom he did recognise, apportioned what was left among the ordinary creditors, so that Thompson was allotted only $340.40. He opposed the tableau, because he was not placed thereon for the amount of his judgment, with a privilege on $700, the fund produced by the sale of the building, to the exclusion of all other creditors; and prayed that the tableau be amended in that respect, and as thus amended, that it be homologated. This opposition was filed in March 1872.
Four years later, in February, 1876, Thompson presented another opposition, or amended the original, pleading prescription to all or several of the mortgage notes of deceased, which had been recognized on the tableau as mortgage notes, and among the holders of which, the administrator had proposed to distribute the funds in the manner already stated. The maintenance of this plea would of course so far diminish the consumption of the funds of the estate by the mortgage claims as to leave probably enough to pay the ordinary creditors in full.
Objection was made to the filing of this amended opposition upon the ground that it changed the issue, and altered the substance of the demand in opposition, but the court overruled the objection, and permitted it to be filed, because the plea of prescription can be filed at any time. The administrator reserved a bill to this ruling.
The true ground of objection to the filing of the amended opposition is, that it is in contradiction to the original — that what it prayed the court to do, is the reverse of what the same party had judicially admitted ought to be done. The concluding sentence of the original opposition was, a prayer that the tableau should be homologated after it was amended in the single particular mentioned, and therefore the opponent, had prayed that all these mortgage notes, classified and recognised on the tableau as valid and subsisting claims, and as entitled to certain specified portions of the assets, should be paid in the manner, to the extent, and with the fund, set forth on the tableau of distribution. All that the opponent complained of then, was the refusal of the administrator to admit the existence of his privilege upon a certain fund, and thereby assure to him the whole of that fund. He opposed only that feature of the proposed distribution of assets, but if he had gone no farther, the plea of prescription would have been available to him. He *1147 could have made it, and if he could have sustained it, his claim wa& safe. But he expressly prayed that, after the tableau was amended in the one particular, every thing upon it should be approved. And the mortgage notes were on it, classified in their rank, and assets assigned to them sufficient for their payment.
It is indisputable that prescription can be pleaded even here, at anytime before a cause is submitted to the Court, but the question here is,, not as to the time when prescription may be pleaded, but whether that, or any other plea, can be heard which runs counter to what the pleader has in the same contestation judicially demanded of the Court 'to do. It' has been uniformly held that a party is bound by his admissions, made, and demands preferred, in judicial proceedings. Civil Code art. 2270 new no. 2291.
The judge below amended the tableau in sundry particulars. There-was no opponent but Thompson, and some of the amendments made were not prayed. There was no contest over the items, as the administrator had ranked them. A tableau or an account can only be amended in the items opposed. If all parties agree that they shall remain as classified, the Court need not disturb them.
It is therefore ordered and decreed that the judgment of the lower court is avoided and reversed, and that the tableau presented by the administrator is now approved and homologated, and that the opponent pay the costs of his opposition in the lower court, and of this appeal.